IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| TREVOR KELLEY, Plaintiff, v. CAFE RIO, INC., Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:17-CV-00489 District Judge Jill N. Parrish |
|---|---|

Before the Court is Defendant's Rule 12(b)(1) motion to dismiss, filed July 14, 2017 (ECF No. 5). Plaintiff filed a response on August 10, 2017 (ECF No. 20), and Defendant replied on August 24, 2017 (ECF No. 23). For the reasons below, the Court converts Defendant's motion to dismiss to a motion for summary judgment and grants both parties an opportunity to submit additional evidence.

I.     BACKGROUND

Plaintiff Trevor Kelly has severe mobility issues due to Arthrogryposis Multiplex Congenita. The condition results in limited or absent movement around small and large joints known as contractures. Plaintiff is unable to walk and relies on a wheelchair for mobility.

On May 31, 2017, Plaintiff filed a complaint against Defendant Cafe Rio, Inc., alleging violations of the Americans with Disabilities Act of 1990 ("ADA"). Specifically, the complaint alleges that Defendant (1) failed to "provide a parking space identified with a sign that includes the International Symbol of Accessibility", (2) failed to "provide accessible parking space identification signs 60 inches above the finish floor or ground surface, (3) failed to "provide

signs containing the designation 'van accessible' that identify van parking spaces, and (4) failed to "provide toilet flush controls on the open side of the water closet." ECF No. 2 at 6–7.

The Court notes that this is not Plaintiff's only lawsuit pending in this district. From the Court's review, it appears that, from May 26, 2017 to August 28, 2017, Plaintiff brought 111 cases against Utah businesses, most alleging identical or nearly identical violations of the ADA.

## II.  RULE 12(b)(1) STANDARD

Defendant's motion alleges that Defendant has remediated the alleged violations of the ADA, rendering them moot, and therefore the Court lacks subject-matter jurisdiction. "Article III limits a federal court's jurisdiction to 'cases and controversies.'" *See* U.S. Const. art. III, § 2, cl. 1. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal jurisdiction." *Disability Law Ctr. v. Milcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Utah Animal Rights Coal. v. Salt Lake City*, 371 F.3d 1248, 1256 (10th Cir. 2004). Consequently, once a controversy ceases to exist, "the action is moot and this court lacks jurisdiction to adjudicate the matter." *Wyoming v. Dept. of Interior*, 674 F.4d 1220, 1228 (10th Cir. 2012) (citing *U.S. v. Seminole Nation*, 321 F.3d 939, 943 (10th Cir. 2002)). When a party seeks only equitable relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Beattie v. United States*, 848 F.2d 1092, 1094 (10th Cir. 1991). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss under Rule 12(b)(1) take two forms: facial and factual. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Defendant's motion constitutes a factual challenge. In a factual challenge, "a party may go beyond allegations contained in the complaint and

2

challenge the facts upon which subject matter jurisdiction depends." *Id.* at 1003. District courts "may not presume the truthfulness of the complaint's factual allegations," and they have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

Still, district courts are required to convert Rule 12(b)(1) motions into Rule 12(b)(6) motions to dismiss or Rule 56 motions for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case." *Id.* "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Id.*

### III. DISCUSSION

#### A. CONVERTING DEFENDANT'S MOTION

Defendant argues that it has "voluntarily remediated any alleged ADA violations in the Complaint that actually exist, and has established an ongoing monitoring program such that the violations are not reasonably expected to recur." ECF No. 5 at 8. Specifically, Defendant avers that it has taken the following remedial actions:

1. It installed an automatic flush control mechanism, with a secondary flush button, on the front of the toilet.

2. It contacted the landlord to demand that the parking lot signs be investigated and installed if necessary. The landlord installed new signs on June 9, 2017.

3. It implemented a procedure including ADA compliance audits to weekly facility team visits of Utah Cafe Rio locations.

*Id.* at 8–9.

As evidentiary support for these allegations, Defendant filed declarations of Jordan Hill, Director of Facilities at Cafe Rio. Attached to Mr. Hill's declarations are photos of the allegedly

now-compliant toilet and parking signs, as well as a copy of Cafe Rio's lease terms. *See* ECF Nos. 6 & 24.

Evaluating whether Defendant's remedial actions have mooted Plaintiff's claims would require this Court to interpret the ADA—the statute on which this Court's jurisdiction is based and which provides for the substantive claim in the case. Consequently, under the rule of *Holt*, the jurisdictional question is intertwined with the merits, and the Court must convert Defendant's motion to a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment.[1]

### B. MOTION FOR SUMMARY JUDGMENT

Because evidence beyond that contained in the pleadings will be required to resolve this action, the Court converts Defendant's motion to a Rule 56 motion for summary judgment.

Defendant's declarations establish that it has remediated the alleged toilet issue. *See* ECF No. 6 at 2 ("Upon investigation, I determined that an ADA-compliant automatic toilet flush mechanism on the front of the toilet should be installed. . . . The installation of the ADA-compliant flush control occurred on June 12, 2017."). However, the declarations do not demonstrate that Defendant has addressed the three parking lot issues alleged by Plaintiff: (1) failure to provide a parking space with a sign that includes the International Symbol of Accessibility; (2) accessible parking space identification signs sixty inches above the finish floor or ground surface; and (3) failure to provide "van accessible" signs identifying van parking spaces. In fact, Defendant's first declaration indicates only that the declarant is "currently in the process of verifying handicap parking signage compliance." *Id.* at 3. Defendant's second

---

[1] Defendant argues that the Tenth Circuit's holding in *Tandy v. City of Wichita*, 380 F.3d 1277 (10th Cir. 2004), provides this Court with discretion to ignore the intertwinement analysis of *Holt* because the *Tandy* court upheld dismissal on mootness grounds when the defendant had voluntarily complied. However, the *Tandy* court found the plaintiff's prospective claims moot because he died. *Id.* at 1290. Here, Plaintiff likewise brought claims for prospective relief—the same claims that Defendant believes are now mooted by remedial action. But to the Court's knowledge, Plaintiff is not dead. Therefore, mootness depends upon whether Defendant's remedial action made it clear that the alleged wrongful action cannot reasonably be expected to recur. The intertwinement analysis applies.

declaration only avers that the provided photograph "is a true and accurate depiction of the current parking lot sign(s) at the Jordan Landing Cafe Rio." ECF No. 24 at 2. The photograph attached as Exhibit A depicts part of a tape measure in front of a "van accessible" sign, but the Court cannot and will not infer from this incomplete documentation that Defendant has remediated all three of Plaintiff's alleged parking lot signage violations.

While it appears that Defendant may have remedied the alleged ADA parking violations, the evidence before the Court is insufficient to support such a conclusion. Pursuant to Rule 56(e), the Court will give Defendant two weeks to re-file affidavits that comply with 28 U.S.C. § 1746 and attach well-founded, authenticated exhibits. Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact . . . .").

Plaintiff argues that Defendant's motion should not be granted without sufficient time for Plaintiff to conduct discovery and an evidentiary hearing. In the interest of fairness, the Court will provide Plaintiff with forty-five days from entry of this order in which to oppose the factual underpinnings of Defendant's motion by inspecting the toilet and/or parking lot signage or conducting other limited discovery. *See Russell v. United States*, 2009 WL 2929426, at *2–3 (D. Ariz. Sep. 10, 2009) (granting time for additional discovery related to subject-matter jurisdiction); *see also* Fed. R. Civ. P. 56(e). Plaintiff's request for an evidentiary hearing is denied inasmuch as this motion has been converted to one for summary judgment, in which an evidentiary hearing would be inappropriate.

### C. PLAINTIFF'S MOTIONS TO STRIKE AND FOR FEES

Plaintiff's response to Defendant's motion contained motions to strike and for attorney's fees. *See* ECF No. 20 at 4–6, 15. However, in this district, a response memorandum is not the

appropriate medium for these or any motions. *See* DUCivR 7-1(b)(1)(A). Furthermore, under Rule 12(f), a motion to strike applies only to the pleadings. *See* Fed. R. Civ. P. 12(f). The Court disregards both motions because they are not properly before it.[2]

### IV.　ORDER

For the reasons above,

1. Defendant's motion to dismiss is **CONVERTED TO A MOTION FOR SUMMARY JUDGMENT UNDER RULE 56**.

2. Plaintiff's request for discovery is **GRANTED** pursuant to Rule 56(e). The parties shall be permitted to engage in limited fact discovery to allow Plaintiff to oppose Defendant's motion. Such discovery shall be completed by Monday, December 4, 2017.

3. Plaintiff's request for an evidentiary hearing is **DENIED**.

4. Defendant shall file a supplemental response on the topic of the Court's subject-matter jurisdiction with affidavits and exhibits by Friday, November 3, 2017. This brief shall not exceed seven pages in length. Plaintiff's response, if any, is due Friday, December 8, 2017, and is subject to the same length requirement. There will be no reply brief.

---

[2] Both parties object to the admissibility of certain exhibits. Because the Court expects additional exhibits and additional objections after issuing this opinion, it will address any remaining evidentiary issues at that time.

Signed October 20, 2017

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge